ARUNDEL CORPORATION v. PENNANT LINE, Inc.

THE THOMAS F. KEANE.

THE MICHAEL TRACY.

THE MILDRED.

District Court, S. D. New York.
Aug. 2, 1929.

Foley & Martin, of New York City, for Arundel Corporation.

Lee J. Curren, of New York City, for respondent Pennant Line.

Single & Single, of New York City, for The Keane.

Macklin, Brown, Lenahan & Speer, of New York City, for Tracy Towing Line.

FRANK J. COLEMAN, District Judge.

Libelant in the first action, Arundel Corporation, was the owner of two drill barges moored in the East River, and sues for damages done to them by the barge Mildred, which went adrift and collided with them. The libelant in the second action, Pennant Line, Inc., is the owner of the barge Mildred, and sues the tug Michael Tracy and the barge Thomas F. Keane on the ground that they caused the Mildred to go adrift and to sustain damages in her collisions with the drill scows.

The Mildred was moored with other boats at the bulkhead at Seventy-Sixth street and the East River in the following way: Alongside of the bulkhead was the barge Bright Star; outside of her was the Mildred, and outside of the latter was the barge Margaret. The Bright Star had lines to the bulkhead which were entirely adequate and which did not break; the Mildred had lines to the Bright Star and also two lines to the bulkhead; the Margaret was tied only to the Mildred.

The boats had been moored in that way for two or three days, when on the evening

of February 16th the tug Michael Tracy placed the barge Thomas F. Keane alongside of the Margaret to which she was moored, without any additional lines to the bulkhead. The record, which is extremely meager, shows that this took place between dusk and 8 p. m. At the latter time the captain of the Mildred first became aware of the presence of the Keane, and about half an hour later the lines holding the Mildred to the bulkhead and to the barge alongside of the bulkhead (Bright Star) parted, setting the Mildred and the two outer barges adrift.

The Mildred soon became separated from the two other barges and drifted north about a mile, where it struck the first drill scow at about Ninety-Third street. This first collision took place at about 9 p. m., and soon thereafter the Mildred "settled a little while in the mud," and her captain was taken off in a launch. The next morning at about 10:30 the Mildred collided with the second drill scow which was near Corlears Hook, more than six miles to the south. This later collision damaged not only the drill scow but the Mildred, which sank shortly thereafter, becoming a total loss. There is no evidence as to what happened to the Mildred from the time the captain was taken off until the collision the following morning. She had no anchor, and it does not appear what, if any, measures were taken to secure her.

█ There is no doubt but that the parting of her lines was caused by the negligence of the tug Michael Tracy. The fact that she had remained for two or three days in position indicates that her lines were adequate for the weight on them before the tug brought the fourth barge, Thomas F. Keane. It does not appear that the master of the tug made any examination of the inshore lines. The weather conditions were not at all unusual, but there is an extremely strong tide at that point which the master of the tug should have known. The circumstances were such as not to permit of an inference that either the Mildred or the Thomas F. Keane accepted the situation. I therefore find that the Michael Tracy alone was responsible for the parting of the lines.

█ It is urged by the latter that there is no proof that it was the tug Michael Tracy which placed the Keane alongside of the Margaret. It is admitted in the Tracy's answer, however, that the tug delivered the barge to the Concord Coal Corporation at the foot of Seventy-Sixth street, East River, and that at that time "there were a number of boats lying at the dock of the Concord Coal Corporation and the barge Thos. F. Keane was placed in front of the said dock outside of some of the boats lying at the said dock." Counsel for the Michael Tracy contends that this admission does not justify a finding that the barge alongside of which the Tracy moored the Keane was the barge Margaret. No one testified on behalf of the tug Tracy or the barge Keane, and the only witness who did testify, the captain of the Mildred, did not see the tug which left the Keane. The circumstances, however, I believe warrant the inference that when the Tracy moored the Keane it was alongside of the Margaret, where it was first seen by the captain of the Mildred. I find that the delivery was not made until about nightfall, and the Keane was first seen about 8 p. m. I believe that the possibility of her having been moved in the meantime from a place of original delivery outside of certain barges to a place outside the Margaret was so remote as to justify an inference to the contrary, particularly when such a movement would be without any apparent purpose whatever. Furthermore, the failure to call the master or any of the crew of the tug must be construed against it.

█ It is urged by the Tracy that its negligence in causing the lines to part was not the proximate cause of the damage to the drill scows or to the Mildred. It is true the Mildred had no anchor, but I find that one would have been of no avail up to the time of the collision with the first drill scow. The strength of the tide was such that an anchor would not have held it at that time. As to the period after the first collision, there is no evidence to warrant a finding one way or the other as to the efficacy of an anchor. There is no evidence as to the course the Mildred took after the captain was taken off, nor as to what efforts, if any, were made to secure her. Under these circumstances I am unable to find that there was an intervening negligent cause which prevented the Tracy's negligence from being considered proximate. The mere lapse of thirteen and a half hours between the first and second collision and the distance of more than six miles I do not think in themselves make the Tracy's negligence too remote to be the proximate cause of the second collision.

I accordingly direct a decree in each of the proceedings against the tug Tracy.

Settle decrees on notice.